**IN AND FOR THE SUPERIOR COURT OF DELAWARE**

| | | |
|---|---|---|
| MARK LILLARD, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|   **v.** | ) | **C.A. No. N24C-10-001 DJB** |
| | ) | |
| OFFIT KURMAN, P.A., | ) | |
|     **Defendant.** | ) | |

Date Submitted:  February 25, 2025
Date Decided:  February 25, 2025; March 12, 2025

## ORDER

### *On Defendant's Motion to Dismiss – Denied Without Prejudice*

On this 12th day of March, 2025, following argument on the Defendant Offit Kurman, P.A.'s Motion to Dismiss which was held on February 25, 2025, the opposition of Plaintiff, and a careful reading and considerations of the papers filed on this matter, it is HEREBY ORDERED THAT:

1. The Motion to Dismiss is DENIED WITHOUT PREJUDICE for the reasons fully stated on the record at the close of the hearing;

2. Plaintiff was provided thirty (30) days from the time of the hearing to file an Amended Complaint in conformity with the issues discussed at the hearing;

3. Going forward, any filing in this case by either party must contain a certification page *if* Generative Artificial Intelligence was used in the creation of said filing.

    a. The term: "Artificial Intelligence" is defined as technology that enables computers or machines to reason, learn, and act in a way that would typically require human intelligence.

b. The term Generative Artificial Intelligence, or "Generative AI" is defined as: Artificial Intelligence trained on an existing set of data (which can include text, images, audio or video) with the intent to 'generate' new data objects when prompted by a user. Generative AI creates new data objects contextually in response to user prompts based only on the data on which it has already been trained.

4. The certification must contain:

   a. A sworn statement by the proponent acknowledging any use of Generative AI;

   b. Identification of the Generative AI platform used;

   c. Identification of the sections of the legal filing in which Generative AI was used; and

   d. A statement that all Generative AI has undergone a human review for accuracy. This includes any legal citations, whether to a case or to a governing statute, and a statement verifying that the citation is correct and that the case stands for the proposition cited.

5. As discussed on the record at the time of argument on the Motion, and following Plaintiff's acknowledgment that Generative AI was used in preparation of his legal filings, the Court's review of the filings in this case revealed a number of mis-cited and incorrect cases cited in Plaintiff's papers. While one example was given on the record to Plaintiff, the following additional issues were found by the Court:

   a. *Mattco Forge, Inc. v. Arthur Young & Co.*, 52 Cal.App.4th 820 (Ct. App. 1997): This case involves the conduct of an accountant, not an attorney as Plaintiff suggests.

   b. *The Dow Chemical Company, Rohm and Haas Company, Rohm and Haas Chemicals LLC v. Organik Kimya Holding A.S., Organik Kimya San. ve Tic. A.S., Organik Kimya US, Inc., Organik Kimya Luxemburg S.A., and*

*Organik Kimya Netherlands B.V.*, 42 Del. J. Corp. L 509, C.A. No. 12090-VCG (2018): The two referenced quotes from this case cannot be found.[1]

c. Plaintiff referenced "Spence v. Spence" on Page 9 of his Answering Brief to the Motion to Dismiss, providing the quote "[d]ismissal is appropriate only if it is reasonably certain that the plaintiff could not prove any set of facts that would entitle him to relief." Without a full citation the Court cannot find this case. The Court's research has found a *Spence v. Spence*, 2012 WL 1495324 (Del. Super. Apr. 20, 2012), however, the provided quote is not contained in this Opinion of then-President Judge Vaughn, nor is this *Spence v. Spence* Opinion relevant to any of Plaintiff's claims in the case at issue.

d. *E.E.C. v. E.J.C.*, 457 A.2d 688 (Del. 1983): This case handles a divorce dispute between parties who disagree about how the husband's law practice, a sole proprietorship, should be valued.[2]

6. All parties' filings have been and will continue to be checked in a similar fashion.

7. This Order clarifies the Court's expectation of both parties when submitting legal filings to the Court in this case.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

cc:  All parties via File&Serve
Mark Lillard (via USPS first-class mail)

---

[1] Plaintiff's Answering Brief, D.I. 24, pp. 6, 7, cites this case in support of the following statements: "As long as a claimant alleges facts in his description of a series of events from which a claim may be reasonably be inferred…he need not announce with any greater particularity the precise legal theory he is using," and "[t]he minimal notice pleading rules under Delaware law…by way of discovery for the purpose of raising legal defenses."

[2] D.I. 24, pp. 17, Plaintiff submits this case demonstrates he has standing because it "reflects the reality that any harm sustained by a business directly and unequivocally flows to the individual owner." This citation was provided to Plaintiff at the hearing.